Triliegi v. USA																												Doc. 3

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PETER TRILIEGI,**
        **Petitioner,**

    **v.**                                   **Case No. 07-C-462**
                                                   **(Criminal Case No. 04-CR-160)**

**UNITED STATES OF AMERICA,**
        **Respondent.**

## DECISION AND ORDER

Petitioner Peter Triliegi brings this motion under 28 U.S.C. § 2255 challenging his sentence for manufacturing more than 100 marijuana plants, 21 U.S.C. §§ 841(b)(1)(B) & 851. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must preliminarily examine the motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer . . . .

Rule 4(b), Rules Governing § 2255 Proceedings. Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1.

Dockets.Justia.com

## I.  BACKGROUND

On September 20, 2005, petitioner pleaded guilty to manufacturing more than 100 marijuana plants, 21 U.S.C. § 841(b)(1)(B), as a repeat drug offender, § 851.  He faced a mandatory minimum term of 120 months in prison under these statutory provisions.  On March 6, 2006, I sentence petitioner to 120 months to run concurrently with a sentence after revocation he was then serving in Case No. 97-CR-69.  In that case, on August 10, 2004, Judge Clevert sentenced petitioner to three years in prison for violating his supervised release conditions.  Although U.S.S.G. § 5G1.3 cmt. n.3(C) recommends a consecutive sentence in such circumstances, consistent with the joint recommendation of the parties and because the statutory mandatory minimum was much higher than the guideline range, I imposed the instant sentence to run concurrently.  Petitioner appealed but the court of appeals dismissed the appeal as frivolous.  United States v. Triliegi, 202 Fed. Appx. 926 (7th Cir. 2006).  Petitioner raised no claim concerning the concurrent/consecutive nature of his sentence on appeal.

## II.  DISCUSSION

In his § 2255 motion, petitioner complains that I failed to "adjust" his sentence to make it "truly concurrent" with the sentence in Case No. 97-CR-69.  He notes that the Bureau of Prisons is not crediting him with the approximately 20 months he served prior to my imposition of the instant sentence because such time has been credited to the sentence in Case No. 97-CR-69.  He contends that the proper method for making two sentences fully concurrent is to adjust the second sentence under U.S.S.G. § 5G1.3.  He notes that the fact that he received a statutory mandatory minimum sentence did not prevent such an adjustment under § 5G1.3.  See United States v. Rivers, 329 F.3d 119, 122-23 (2d Cir. 2003) ("So long as the total period

2

of incarceration, after the adjustment, is equal or greater than the statutory minimum, the statutory dictate has been observed and its purpose accomplished."); United States v. Ross, 219 F.3d 592, 595 (7th Cir. 2000) ("We conclude the computation of the total term of imprisonment for purposes of § 924(e) may, consistently with Application Note 2 to § 5G1.3, be accomplished by adding up the number of months the defendant has served on the related conviction and the number of months assessed in the federal judgment.").

There are several problems with petitioner's argument. First, he failed to raise it before me or on direct appeal, procedurally defaulting the claim for collateral review. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Thus, I may consider the claim only if petitioner demonstrates good "cause" for not raising it earlier, and "actual prejudice" resulting from the error. Id. at 168. He fails to show either.[1]

Second, "[f]ederal courts lack the power under § 2255 to rectify errors that fall short of vitiating the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Broadway v. United States, 104 F.3d 901, 903 (7th Cir. 1997) (internal quote marks omitted). Non-constitutional errors that could have been raised on direct appeal, but were not, are barred on collateral review regardless of cause and prejudice. Id. (citing Bontkowski v. United States,

---

[1] On page eleven of his motion, petitioner states that the claim was not raised previously due to the ineffectiveness of his counsel. Ineffective assistance claims may be raised for the first time under § 2255, Massaro v. United States, 538 U.S. 500, 504 (2003), and ineffective assistance, if established, may constitute cause for a procedural default, Rosenwald v. United States, 898 F.2d 585, 587 (7th Cir. 1990). However, petitioner fails to develop an ineffective assistance claim in his supporting brief. Further, for the reasons stated later in the text, because the § 5G1.3 claim lacks merit, petitioner suffered no prejudice based on counsel's failure to raise it. See Strickland v. Washington, 466 U.S. 668, 688 (1984) (holding that in order to demonstrate ineffective assistance the defendant must show that counsel's performance fell below an objective standard of reasonableness, and that counsel's errors prejudiced the defense).

3

850 F.2d 306, 313 (7th Cir. 1988)).  In his motion, petitioner argues that I misapplied U.S.S.G. § 5G1.3, but the Seventh Circuit has long held that mere guideline errors are not cognizable under § 2255.  See, e.g., United States v. Wisch, 275 F.3d 620, 625 (7th Cir. 2001) (citing Scott v. United States, 997 F.2d 340 (7th Cir. 1993)).

Finally, because the guidelines do not entitle petitioner to the adjustment he seeks, even if I were to reach the merits of his claim, I would deny it.  Under U.S.S.G. § 5G1.3(b),

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).  The § 5G1.3(b)(1) adjustment should be granted even if the defendant faces a statutory mandatory minimum.  See Ross, 219 F.3d at 595.

However, § 5G1.3(b) applies only when the defendant is serving a term of imprisonment that resulted from a related offense.  See United States v. Kimble, 107 F.3d 712 (9th Cir. 1997).  In the present case, the sentence petitioner was serving when he appeared before me was not related to the instant offense, i.e. it was not based on conduct that was a basis for an offense level increase on the instant offense.  Thus, § 5G1.3(b) did not apply.  Rather, § 5G1.3(c), which provides that the instant sentence may run concurrently or consecutively, applied.  See U.S.S.G. § 5G1.3 cmt. n.3(C) ("Subsection (c) applies in cases in which the

4

defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked."). "Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment." U.S.S.G. § 5G1.3 cmt. n.3(E). Further, courts have held that when § 5G1.3(c) applies, it is improper to "adjust" the sentence below an otherwise applicable statutory mandatory minimum. See, e.g., United States v. Simmons, 450 F. Supp. 2d 574, 580 (E.D. Pa. 2006) (concluding "that an adjustment to a statutory mandatory minimum under § 5G1.3 was appropriate only when a defendant is serving an undischarged term for the same or related criminal conduct"); see also United States v. Arroyo, 324 F. Supp. 2d 472, 474 (S.D.N.Y. 2004) (distinguishing Rivers and holding that § 5G1.3(c) does not provide for sentence reductions to account for time already served on an unrelated sentence).

Because § 5G1.3(b) did not apply in the present case, petitioner was not entitled to any adjustment. Further, petitioner cites no authority for the proposition that § 5G1.3(c) allows the court to impose a sentence below a statutory mandatory minimum, and I have found none.[2] Therefore, even if petitioner or his counsel had timely raised this claim, it would not have resulted in a reduction of his sentence. Accordingly, he cannot show prejudice under Frady or Strickland.

---

[2] Petitioner was sentenced post-Booker, but the Seventh Circuit has made clear that Booker did not change the rules pertaining to mandatory minimums. United States v. Duncan, 479 F.3d 924, 930 (7th Cir. 2007).

5

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion is **DENIED**, and this case is **DISMISSED**.  The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge