# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PETER TRILIEGI,**
   **Petitioner,**

  **v.**           **Case No. 07-C-462**
                **(Criminal Case No. 04-CR-160)**

**UNITED STATES OF AMERICA,**
   **Respondent.**

## DECISION AND ORDER

### I. BACKGROUND

Petitioner Peter Triliegi filed a pro se motion under 28 U.S.C. § 2255 challenging his 120 month sentence for manufacturing more than 100 marijuana plants as a repeat drug offender. 21 U.S.C. §§ 841(b)(1)(B) & 851. He argued that I erred in failing to "adjust" his sentence under U.S.S.G. § 5G1.3(b) to make it fully concurrent with a sentence after revocation he was then serving. He stated that he had not raised the claim previously due to the ineffectiveness of his lawyer; however, he failed to otherwise develop an ineffective assistance claim. Because the § 5G1.3(b) claim was procedurally defaulted, not cognizable under § 2255, and in any event lacked merit, I denied petitioner's motion and dismissed the action. The Clerk entered judgment on May 29, 2007.

On June 21, 2007, petitioner filed a motion to set the judgment aside pursuant to Fed. R. Civ. P. 60(b), stating that he did raise an ineffective assistance of counsel claim in the original § 2255 motion and that he believed he would be given an opportunity to develop the claim later. He asks that his failure to develop the claim in his motion and supporting brief be

excused due to his pro se status. He further states that all of his lawyers told him that the time he was serving on his revocation sentence would be credited to the instant sentence. He states that, based on such advice, he was not concerned about any delay in resolving the case. If he had known that a concurrent sentence would not start until he pleaded guilty, he would have done so sooner. He further states that if he had known that he would not receive credit for the approximately 20 months he served prior to his plea, he would not have entered the plea but instead gone to trial. He therefore asks me to vacate the dismissal and allow a hearing on his motion.

## II. DISCUSSION

### A. Standard of Review of Rule 60(b) Motions

Motions under Rule 60(b) are subject to the limitation on second or successive collateral attacks contained in § 2255 ¶ 8, which generally permits a federal prisoner just one round of collateral review. See Curry v. United States, 307 F.3d 664, 665 (7th Cir. 2002); see also Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).[1] Thus, if the Rule 60(b) motion constitutes an attack on the petitioner's conviction or sentence, as opposed to a challenge to some procedural misstep in the district court's handling of his § 2255 motion, the district court must dismiss it for lack of jurisdiction. See Gonzalez v. Crosby, 545 U.S. 524, 538 (2005) (stating that a Rule 60(b) motion is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the petitioner's conviction); United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005) (stating that a procedural argument raised using Rule 60(b) is not a new collateral attack, but an objection to the validity of the criminal conviction or sentence is).

---

[1] Because petitioner filed the instant motion more than ten days after entry of judgment, it must be treated as a Rule 60(b) rather than Rule 59(e) motion. Curry, 307 F.3d at 666.

2

**B. Analysis**

Petitioner's Rule 60(b) motion primarily constitutes an attack on the sentence rather than a challenge to my handling of the original § 2255 motion. Petitioner re-asserts an ineffective assistance claim and adds another basis for that claim – that his lawyers assured him he would receive dual credit and there was thus no urgency in resolving this case.[2] He contends that had he known that dual credit was not possible, he either would have resolved the case sooner or gone to trial. This constitutes an impermissible second collateral attack, which I must dismiss for lack of jurisdiction. See United States v. Evans, 224 F.3d 670, 675 (7th Cir. 2000).

To the extent that petitioner contends that I erred in failing to appreciate the ineffective assistance claim contained in the original motion, his claim fails. Although I noted that petitioner failed to develop such claim, I went on to deny the motion because the § 5G1.3(b) argument lacked merit and petitioner accordingly could not show prejudice. (Rule 4 Order at 5.) Thus, there was no procedural error in my handling of the original motion.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's Rule 60(b) motion is **DISMISSED**. In the alternative, it is **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[2] In the original § 2255 motion, the claim was that counsel erred in not asking me to adjust the sentence to make it "fully" concurrent under U.S.S.G. § 5G1.3(b).

3