# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PETER TRILIEGI,**
        Petitioner,

    v.                          **Case No. 07-C-462**
                                  **(Criminal Case No. 04-CR-160)**

**UNITED STATES OF AMERICA,**
        Respondent.

## ORDER ON REQUEST FOR CERTIFICATE OF APPEALABILITY

Petitioner Peter Triliegi filed a motion under 28 U.S.C. § 2255 challenging his 120 month sentence for manufacturing more than 100 marijuana plants as a repeat drug offender, 21 U.S.C. §§ 841(b)(1)(B) & 851, arguing that I erred in failing to "adjust" his sentence under U.S.S.G. § 5G1.3(b) to make it fully concurrent with a sentence after revocation he was then serving. I denied the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings and dismissed the case. Petitioner then filed a motion to vacate the dismissal pursuant to Fed. R. Civ. P. 60(b), which I dismissed for lack of jurisdiction. Petitioner has now filed a notice of appeal from both decisions, along with a request for a certificate of appealability ("COA").

### I. COA STANDARD

Before a § 2255 petitioner may take an appeal, the district court must consider whether to grant him a COA pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The COA requirement also applies to appeals of a decision on a Rule 60(b) motion in a § 2255 case. See United States v. Carraway, 478 F.3d 845 (7th Cir.), cert. denied, 127 S. Ct. 2895 (2007);

Sveum v. Smith, 403 F.3d 447 (7th Cir.), cert. denied, 126 S. Ct. 442 (2005).

A COA may issue only if the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quote marks omitted). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the court dismisses a motion based on procedural grounds without reaching the underlying constitutional claims, a COA may "issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

## II. DISCUSSION

**A.  Original § 2255 Motion**

In his original § 2255 motion, petitioner complained that I failed to adjust his sentence under U.S.S.G. § 5G1.3(b) to make it fully concurrent with a sentence after revocation he was serving at the time I sentenced him. For three reasons, the claim failed. First, petitioner failed to raise it before me or on direct appeal, procedurally defaulting the claim for collateral review. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Second, claims that the district judge misapplied the guidelines are not cognizable under § 2255. See, e.g., United States v.

2

Wisch, 275 F.3d 620, 625 (7th Cir. 2001) (citing Scott v. United States, 997 F.2d 340 (7th Cir. 1993)). Finally, § 5G1.3(b) did not, in any event, apply in petitioner's case. "Subsection (c) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked." U.S.S.G. § 5G1.3 cmt. n.3(C). "Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment." U.S.S.G. § 5G1.3 cmt. n.3(E). Further, when § 5G1.3(c) applies, it is improper to "adjust" the sentence below a statutory mandatory minimum, such as petitioner faced. See, e.g., United States v. Simmons, 450 F. Supp. 2d 574, 580 (E.D. Pa. 2006). Therefore, even if petitioner or his counsel had timely raised the claim, it would not have resulted in a reduction of his sentence. Accordingly, he could not show prejudice under Frady or Strickland v. Washington, 466 U.S. 668, 688 (1984) (holding that in order to demonstrate ineffective assistance of counsel the defendant must show that counsel's performance fell below an objective standard of reasonableness, and that counsel's errors prejudiced the defense).[1]

Jurists of reason would not find my resolution of this claim debatable or wrong. Petitioner's guideline claim implicated no constitutional right, and the provision upon which he relied did not apply in his situation. Therefore, this claim should not proceed further.

---

[1] Although petitioner did not develop an ineffective assistance of counsel claim in his memorandum in support of the § 2255 motion, he did allege in the motion itself that his § 5G1.3(b) claim had not been raised previously due to the incompetence of his lawyer. I noted that because the § 5G1.3(b) claim lacked merit, petitioner suffered no prejudice based on counsel's failure to raise it.

3

**B.	Rule 60(b) Motion**

In his Rule 60(b) motion, petitioner first stated that he did raise an ineffective assistance of counsel claim in the original § 2255 motion, and that he believed he would be given an opportunity to develop the claim later. He asked that his failure to develop the claim in his supporting brief be excused due to his pro se status. Petitioner also raised a new ineffective assistance of counsel claim, contending that his lawyers told him that the time he was serving on his revocation sentence would be credited to the instant sentence. He stated that, based on such advice, he was not concerned about any delay in resolving the case. He further stated that if he had known that he would not receive credit for the approximately 20 months he served on the revocation sentence prior to his plea, he would not have entered the plea but instead gone to trial.

I noted that motions under Rule 60(b) are subject to the limitation on second or successive collateral attacks contained in § 2255 ¶ 8, which generally allows a federal prisoner just one round of collateral review. See Curry v. United States, 307 F.3d 664, 665 (7th Cir. 2002); see also Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). Because petitioner's Rule 60(b) motion constituted an attack on his conviction and sentence, as opposed to a challenge to some procedural mistake I made in handling his § 2255 motion, I dismissed it for lack of jurisdiction. See United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005) (stating that a procedural argument raised using Rule 60(b) is not a new collateral attack, but an objection to the validity of the criminal conviction or sentence is). To the extent that petitioner argued that I overlooked the ineffective assistance claim in his original motion, I denied his request to vacate the dismissal. I did not overlook that claim; I found that it lacked merit.

Jurists of reason would not question my dismissal of this motion. The Seventh Circuit

4

has consistently enforced the rule that substantive motions under Rule 60(b) must be dismissed for lack of jurisdiction. See, e.g., Dunlap v. Litscher, 301 F.3d 873 (7th Cir. 2002). Nor would jurists of reason question my decision not to re-open the case. To the extent that petitioner raised an ineffective assistance claim in the original motion, I denied the claim because petitioner could not show prejudice.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's request for a COA is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of July, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge